IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-257 |
| | ) | UNDER SEAL |
| ARMOND L. LONG | ) | |
| LASHAUMBA O. RANDOLPH | ) | |

FILED
FEB 04 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

**SUPERSEDING INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Shaun E. Sweeney, Assistant United States Attorney for said District, and submits this Superseding Indictment Memorandum to the Court:

### I. THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned a 6-count Superseding Indictment against the above-named defendants for alleged violations of federal law:

| COUNTS | OFFENSE/DATE | TITLE/SECTION | DEFENDANT |
|---|---|---|---|
| 1 & 4 | Wire Fraud<br>On or about January 16, 2018 (Count 1)<br>On or about February 5, 2018 (Count 4) | 18 U.S.C. §§ 2 and 1343 | RANDOLPH<br>(Counts 1 and 4)<br>LONG (Count 1) |
| 2-3 | Mail Fraud<br>On or about February 27, 2018 (Count 2)<br>On or about March 15, 2018 (Count 3) | 18 U.S.C. §§ 2 and 1341 | RANDOLPH<br>LONG |
| 5-6 | Use of Fire to Commit Federal Felony<br>On or about January 14, 2018 (Count 5)<br>On or about January 5, 2018 (Count 6) | 18 U.S.C. §§ 2 and 844(h)(1) | RANDOLPH<br>(Counts 5 and 6)<br>LONG (Count 5) |

### II. ELEMENTS OF THE OFFENSES

A.   **As to Counts 1 & 4:**

In order for the crime of Wire Fraud, in violation of 18 U.S.C. §§ 2 and 1343, to be established, the government must prove all of the following essential elements beyond a reasonable

doubt:

    1.    That the defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises, or willfully participated in such a scheme with knowledge of its fraudulent nature;

    2.    That the defendant acted with the intent to defraud; and

    3.    That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

Authority: Third Circuit Model Criminal Jury Instruction 6.18.1343.

**B.    As to Counts 2-3:**

In order for the crime of Mail Fraud, in violation of 18 U.S.C. §§ 2 and 1341, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1.    That the defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises, or willfully participated in such a scheme with knowledge of committing such crimes;

    2.    That the defendant acted with the intent to defraud; and

    3.    That in advancing, furthering, or carrying out the scheme, the defendant used the mails, or a commercial interstate carrier, or caused the mails or a commercial interstate carrier to be used.

Authority: Third Circuit Model Criminal Jury Instruction 6.18.1341.

C.  **As to Counts 5-6:**

In order for the crime of Use of Fire to Commit Federal Felony, in violation of 18 U.S.C. §§ 2 and 844(h)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant or some other person used fire to commit a federal offense punishable by more than one year of imprisonment;

2. That the defendant associated with that criminal venture;

3. That the defendant purposefully participated in that criminal venture; and

4. That the defendant sought by action to make that criminal venture successful.

Authority: Title 18, United States Code, Sections 844(h)(1) and 3581(b)(5) and (b)(6); United States v. Dougherty, 706 Fed. Appx. 736 (3d Cir. 2017); United States v. Olivas-Pena, 463 Fed. Appx. 326 (5th Cir. 2012); United States v. Ruiz, 105 F.3d 1492 (1st Cir. 1997); United States v. McAuliffe, 490 F.3d 526 (6th Cir. 2007); United States v. Zendeli, 180 F.3d 879 (7th Cir. 1999).

## II. PENALTIES

A.  **As to Counts 1 & 4: Wire Fraud (18 U.S.C. §§ 2 and 1343):**

1. Individuals - The maximum penalties for individuals are:

    (a) imprisonment for not more than twenty (20) years;

    (b) a fine not more than the greater of:

    (1) $250,000 (18 U.S.C. § 3571(b)(3));

    or

    (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    (c)  a term of supervised release of not more than three (3) years (18 U.S.C. §§ 3559, 3583);

    (d)  Any or all of the above.

 **B.**  **As to Counts 2-3: Mail Fraud (18 U.S.C. §§ 2 and 1341):**

  1. <u>Individuals</u> - The maximum penalties for individuals are:

    (a)  imprisonment for not more than twenty (20) years;

    (b)  a fine not more than the greater of;

     (1)  $250,000 (18 U.S.C. § 3571(b)(3));

      <u>or</u>

     (2)  an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    (c)  a term of supervised release of not more than three (3) years (18 U.S.C. §§ 3559, 3583);

    (d)  Any or all of the above.

 **C.**  **As to Counts 5-6: Use of Fire to Commit Federal Felony (18 U.S.C. §§ 2 and 844(h)(1)):**

  1. <u>Individuals</u> - The maximum penalties for individuals are:

    (a)  imprisonment for not less than ten (10) years, to be served consecutively to the sentence for the underlying felony. In the case of a second or subsequent conviction under this section, the sentence is not less than twenty (20) years, to be served consecutively;

  (b) a fine not more than $250,000;

  (c) a term of supervised release of not more than three (3) years;

  (d) Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to each count, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Not applicable.

        Respectfully submitted,

        SCOTT W. BRADY
        United States Attorney

By: */s/ Shaun Sweeney*
    SHAUN E. SWEENEY
    Assistant U.S. Attorney
    PA ID No. 53568